1  GABRIEL A. JACKSON, State Bar No. 98119
   DANIEL D. O'SHEA, State Bar No. 238534
2  JACKSON & WALLACE LLP
   55 Francisco Street, 6th Floor
3  San Francisco, CA 94133
   Tel:  415.982.6300
4  Fax:  415.982.6700

5  Attorneys for Defendant
   GENERAL DYNAMICS CORPORATION
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11

12 JAMES MAYO,                         Case No. C0858-EMC

13         Plaintiffs,                 **DEFENDANT GENERAL DYNAMICS CORPORATION'S SUPPLEMENT TO REMOVAL PETITION (STATE COURT ANSWER)**

14     v.

15 A.O. SMITH CORPORATION,             (Superior Court of California County of Alameda Case No. 7357726)

16         Defendants.
                                       Complaint Filed:  November 21, 2007
17

18 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19     PLEASE TAKE NOTICE that Defendant GENERAL DYNAMICS CORPORATION

20 hereby files its Answer to Plaintiffs' Complaint as a supplement to the removal petition filed on

21 behalf of various defendants. A conformed copy of GENERAL DYNAMICS CORPORATIONS'

22 Answer is attached as Exhibit "A."

23 Dated: January 17, 2008                  JACKSON & WALLACE LLP

24
                                            By: /s/ Daniel D. O'Shea
25                                              DANIEL D. O'SHEA
                                                Attorneys for Defendant
26                                              GENERAL DYNAMICS CORPORATION

27

28 C:\NrPortbl\iManage\VXC1479352

JACKSON & WALLACE LLP
SAN FRANCISCO

DEFENDANT GENERAL DYNAMICS CORPORATION'S SUPPLEMENT TO REMOVAL PETITION (STATE COURT ANSWER)

**EXHIBIT A.**

RCD



1  GABRIEL A. JACKSON, State Bar No. 98119
   DANIEL D. O'SHEA, State Bar No. 238534
2  JACKSON & WALLACE LLP
   55 Francisco Street, 6th Floor
3  San Francisco, CA 94133
   Tel:  415.982.6300
4  Fax:  415.982.6700

5  Attorneys for Defendant
   GENERAL DYNAMICS CORPORATION

FILED
ALAMEDA COUNTY

JAN 0 8 2008

CLERK OF THE SUPERIOR COURT
By _____ Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

JAMES MAYO,

    Plaintiff,

v.

A.O. SMITH CORPORATION, et al.

    Defendants.

Case No. RG07357726

ANSWER OF DEFENDANT GENERAL DYNAMICS CORPORATION TO UNVERIFIED COMPLAINT FOR PERSONAL INJURY

DEFENDANT GENERAL DYNAMICS CORPORATION, (hereinafter "Defendant"), answers the unverified Complaint herein on its own behalf and on behalf of no other defendant or entity as follows:

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies generally each and every allegation of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Neither the Complaint nor any purported cause of action alleged by the plaintiff therein states facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Neither the Complaint nor any purported cause of action alleged therein states facts sufficient to entitle plaintiff to an award of punitive damages against Defendant.

///

1472979

JACKSON & WALLACE LLP
SAN FRANCISCO

1

ANSWER OF GENERAL DYNAMICS CORPORATION TO UNVERIFIED COMPLAINT FOR PERSONAL INJURY




### THIRD AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would deprive Defendant of its property without due process of law under the California Constitution and United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would violate the United States Constitution's prohibition against laws impairing the obligation of contracts.

### FIFTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would constitute a criminal fine or penalty and should, therefore, be remitted on the ground that the award violates the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's action, and each alleged cause of action, is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure, sections 338(1), 338(4), 339(1), 340(1), 340(3), 340.2, 343, 353, 583.110, 583.210, 583.310 and 583.410 and California Commercial Code, section 2725.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably delayed in bringing this action, without good cause therefore, and thereby has prejudiced Defendant as a direct and proximate result of such delay; accordingly, his action is barred by laches and by section 583 *et. seq.* of the Code of Civil Procedure.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was negligent in and about the matters alleged in the Complaint and in each alleged cause of action; this negligence proximately caused, in whole or in part, the damages alleged in the Complaint. In the event plaintiff is entitled to any damages, the amount of these damages should be reduced by the comparative fault of plaintiff and any person whose negligent acts or omissions are imputed to plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff knowingly, voluntarily and unreasonably undertook to encounter each of the risks

and hazards, if any, referred to in the Complaint and each alleged cause of action, and this undertaking proximately caused and contributed to any loss, injury or damages incurred by plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Any loss, injury or damage incurred by plaintiff was proximately caused by the negligent or willful acts or omissions of parties whom Defendant neither controlled nor had the right to control, and was not proximately caused by any acts, omissions or other conduct of Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

The products referred to in the Complaint were misused, abused or altered by plaintiff or by others; the misuse, abuse or alteration was not reasonably foreseeable to Defendant, and proximately caused any loss, injury or damages incurred by plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise due diligence to mitigate his loss, injury or damages; accordingly, the amount of damages to which plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the matters alleged in the Complaint because the Complaint and each alleged cause of action against Defendant are barred by the provisions of California Labor Code, section 3600, et seq.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, plaintiff was employed and was entitled to receive Workers' Compensation benefits from his employer's workers' compensation insurance carrier; that all of plaintiff's employers, other than Defendant, were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to the happening of the accident and to the loss or damage complained of by plaintiff, if any there were; and that by reason thereof Defendant is entitled to set off and/or reduce any such workers' compensation benefits received or to be received by plaintiff against any judgment which may be rendered in




1  favor of plaintiff. (*Witt v. Jackson*, 57 Cal.2d 57, 366 P.2d 641)

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, plaintiff's employers were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by plaintiff, if any there were; and that Defendant is not liable for said employers' proportionate share of non-economic damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, parties other than this Defendant were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said parties proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by plaintiff, if any there were; and that Defendant herein shall not be liable for said parties' proportionate share of non-economic damages pursuant to California Civil Code Sections 1431.1 through 1431.5.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times relative to matters alleged in the Complaint, all of plaintiff's employers, other than Defendant, were sophisticated users of asbestos-containing products and said employers' negligence in providing the product to their employees in a negligent, careless and reckless manner was a superseding cause of plaintiff's injuries, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

If plaintiff has received, or in the future may receive, Worker's Compensation benefits from Defendant under the Labor Code of the State of California as a consequence of the alleged industrial injury referred to in the Complaint, and in the event plaintiff is awarded damages against Defendant, Defendant claims a credit against this award to the extent that Defendant is barred from enforcing its rights to reimbursement for Worker's Compensation benefits that plaintiff has received or may in the future receive.

## NINETEENTH AFFIRMATIVE DEFENSE

If plaintiff has received, or in the future may receive Worker's Compensation benefits

1472979                                   4

 

1  from Defendant under the Labor Code of the State of California as a consequence of the alleged
2  industrial injury referred to in the Complaint, Defendant demands repayment of any such
3  Worker's Compensation benefits in the event that plaintiff recovers tort damages as a result of the
4  industrial injury allegedly involved here. Although Defendant denies the validity of plaintiff's
5  claims, in the event those claims are held valid and not barred by the statute of limitations or
6  otherwise, Defendant asserts that cross-demands for money have existed between plaintiff and
7  Defendant and the demands are compensated, so far as they equal each other, pursuant to
8  California Code of Civil Procedure section 431.70.

### *TWENTIETH AFFIRMATIVE DEFENSE*

Defendant denies any and all liability to the extent that plaintiff asserts Defendant's alleged liability as a successor, successor in business, assign, predecessor, predecessor in business, parent, alter-ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos.

### *TWENTY-FIRST AFFIRMATIVE DEFENSE*

The Complaint fails to state facts sufficient to constitute a cause of action for "Premises Owner/Contractor Liability" against this Defendant pursuant to the ruling of the California Supreme Court in *Privette v. Superior Court* (1993) 5 Cal.4th 689, the ruling of the California Court of Appeal in *Smith v. ACandS, Inc.* (1994) 31 Cal.App.4th 77, the California Court of Appeal in *Grahn v. Tosco Corporation* (1997) 58 Cal.App.4th, 1373, and the ruling of the California Supreme Court in *Toland v. Sunland Housing Group, Inc.* (1998) 18 Cal.4th 253.

### *TWENTY-SECOND AFFIRMATIVE DEFENSE*

Defendant had no property interest, ownership or control of any premises at any time during which plaintiff alleges exposure, injury or damages due to asbestos dust inhalation.

///




### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that its products, if any, were manufactured, produced, supplied, sold and distributed in mandatory conformity with specifications promulgated by the United States Government under its war powers, as set forth in the United States Constitution, and that any recovery by plaintiff(s) on the Complaint on file herein is barred in consequence of the exercise of those sovereign powers.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's action, and each alleged cause of action, is barred by the terms and provisions of California Code of Civil Procedure section 361.

WHEREFORE, Defendant prays:

(1) That plaintiff takes nothing by his Complaint;

(2) That Judgment be entered in favor of Defendant;

(3) For recovery of Defendant's costs of suit;

(4) For appropriate credits and set-offs arising out of any payment of Worker's Compensation benefits as alleged above; and

(5) For such other and further relief as the Court deems just and proper.

Dated: December 20, 2007

JACKSON & WALLACE LLP

By: _____
DANIEL D. O'SHEA
Attorneys for Defendant
GENERAL DYNAMICS CORPORATION

1472979

6

ANSWER OF GENERAL DYNAMICS CORPORATION TO UNVERIFIED COMPLAINT FOR PERSONAL INJURY

JACKSON & WALLACE LLP
SAN FRANCISCO

 

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 55 Francisco Street, 6th Floor, San Francisco, California 94133. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On January 3, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

ANSWER OF DEFENDANT GENERAL DYNAMICS TO
UNVERIFIED COMPLAINT FOR PERSONAL INJURY

in a sealed envelope, postage fully paid, addressed as follows:
   Levin Simes Kaiser & Gornick LLP
   44 Montgomery St. 36th Floor
   San Francisco CA 94104

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 3, 2008, at San Francisco, California.

_____
Nic Lawson

JACKSON & WALLACE LLP
SAN FRANCISCO

1472979