JEFFREY A. KAISER, ESQ. [SBN 160594]
SEAN P. WORSEY, ESQ. [SBN 215807]
LISA J. ESPADA, ESQ. [SBN 202975]
**LEVIN SIMES KAISER & GORNICK, LLP**
44 Montgomery St., 36th Floor
San Francisco, California 94104
Telephone    (415) 646-7160
Facsimile    (415) 981-1270

Attorneys for Plaintiff
James E. Mayo

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. MAYO,<br><br>           Plaintiff,<br><br>    vs.<br><br>A.O. SMITH CORPORATION, et al.,<br><br><br>           Defendants. | Case No. CV 08 0058 MMC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND**<br><br>Date:   February 29, 2008<br>Time:  9:00 a.m.<br>Room:  Courtroom 7, 19th Floor<br><br>HON. MAXINE M. CHESNEY |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 29, 2008, at 9:00 a.m., or as soon as thereafter as this matter may be heard, in Courtroom 7, 19th Floor, of the above-entitled Court located at 450 Golden Gate Avenue, San Francisco, CA, 94102, counsel for James Mayo ("Plaintiff") will move this Court for an Order remanding this case to the Superior Court of California in and for the County of Alameda. This motion is based on the supporting Memorandum of Points and Authorities, the Declaration of Sean P. Worsey, the stipulation of the parties, and all papers and records on file herein.

///

By this motion, Plaintiff seeks the immediate remand of this action to the Alameda County Superior Court on grounds that the only purported federal party has stipulated to a remand of this action. Due to the nature of the Plaintiff's injuries and his declining health, the interests of justice will be served by remanding this action immediately to the Superior Court of California.

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

Plaintiff James Mayo ("Plaintiff") brought an action for damages in the Superior Court of California in and for the County of Alameda, after receiving a diagnosis of mesothelioma in August 2007. Plaintiff's action was filed on November 21, 2007. Mesothelioma is a rapidly fatal disease, known to be caused by exposure to asbestos. In his State Court action, Plaintiff named thirty-eight (38) defendants including various manufacturers and suppliers of asbestos containing materials to which he exposed during his long work history. On January 4, 2008, a single defendant, Foster Wheeler, LLC ("Foster Wheeler") filed a Notice of Removal under 28 U.S.C. Section 1442(a)(1), on the alleged grounds that Foster Wheeler was acting under an officer or agency of the United States.

Plaintiff strongly disagrees with the recitation of facts included with Foster Wheeler's Notice of Removal and its supporting declarations which purportedly give rise to removal jurisdiction. The issues raised there, however, are now moot. On January 15, 2008, Plaintiff resolved his case against Foster Wheeler, the removing defendant, and received a stipulation from this party to remand the case to the Superior Court of California, Alameda County. Furthermore, all defendants appeared at the deposition of Mr. Mayo, which concluded on January 10, 2007.

Plaintiff wishes to make this Court aware of exigent circumstances which make swift remand of this case to the state court imperative. California Code of Civil Procedure Section 36(d) allows a terminally ill plaintiff such as Mr. Mayo to seek a preferential trial date, so that he may have a realistic chance of seeing his case come to trial. Here, just prior to the filing of the Notice of

Removal, Plaintiff was in the process of obtaining a declaration of his treating physician to support a motion for preferential trial date pursuant to C.C.P. Section 36 (d).

There is no like provision in federal court to obtain a preferential trial date on shortened time in cases such as these. Therefore, if this case is not promptly remanded, it is highly likely that Mr. Mayo will not survive to see his case come to trial. He would therefore be substantially prejudiced should remand not be granted. For all of the foregoing reasons, the Court should grant Plaintiff's motion for remand.

## ARGUMENT

### THE REMOVING PARTY HAS BEEN ELIMINATED AND THE INTERESTS OF JUSTICE FAVOR IMMEDIATE REMAND

When federal parties remove an action under 28 U.S.C. section 1442(a)(1), the federal court assumes jurisdiction over all the claims and parties in the case regardless of whether the federal court could have assumed original jurisdiction over the suit. *District of Columbia v. Merit Systems Protection Board (1985) 762 F.2d 129, 132-133.* However, if the federal party is eliminated from the suit after removal, the district court has discretion to either adjudicate the state law claims or to remand the case to state court under 28 U.S.C. Section 1441(c). Where judicial economy and fairness will not be sacrificed by a remand to the local court, federal courts regularly remand cases removed under *Section 1442(a)(1)* once the federal party is eliminated. *Id. at 133.*

Here, defendant Foster Wheeler was the only defendant that claimed to be acting under an officer or agency of the United States. On January 15, 2008, Plaintiff resolved his case against Foster Wheeler, the removing defendant, and received a stipulation to remand the case to the Superior Court of California, Alameda County. Furthermore, all defendants appeared at the deposition of James Mayo, which concluded on January 10, 2007, and no defendant objected to the taking of the Plaintiff's testimony.

As indicated, Plaintiff suffers from a progressive and terminal form of cancer. Plaintiff would be entitled to a trial date within 120 days in the Superior Court of California, based upon C.C.P Section 36 (d). A delay of any length will result in a significant risk that plaintiff would not live long enough to complete a trial. He would therefore be substantially prejudiced should remand not be granted. Defendants, on the other hand, will not be prejudiced by the immediate remand of this case to the Superior Court of California.

For all of the foregoing reasons, the Court should grant Plaintiff's motion for remand.

Respectfully submitted,

Dated: January 22, 2008                LEVIN, SIMES, KAISER & GORNICK, LLP

By _____
Lisa J. Espada
Attorneys for Plaintiff